IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY ADAMS,**

        **Plaintiff,**

v.                                                             Civil Action No. 3:06cv134
                                                             (Judge Keeley)

**STATE OF WEST VIRGINIA,**
**JOE MANCHIN, III, ST. MARY'S**
**CORRECTIONAL CENTER AND**
**JIM RUBENSTEIN,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On December 12, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint and a Motion for Writ of Mandamus against the above-named defendants. Plaintiff was granted permission to proceed as a pauper on December 28, 2006. On January 5, 2007, Plaintiff filed a Motion for Removal of Hold on Wife's Contact Visits and a Motion Requesting Copy of Institutional/DOC file. This case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

**I. Contentions of the Plaintiff**

**A. The Complaint**

In the complaint, Plaintiff asserts that the Defendants have violated his equal protection rights and his rights under the Ninth Amendment. In support of his claims, Plaintiff asserts that while incarcerated at the St. Mary's Correctional Center ("St. Mary's"), he was classified as a low-level security inmate. In addition, Plaintiff was classified as a level two inmate, meaning he had full

outside clearance. Plaintiff asserts that despite these classifications, he was denied transfer to a work release center and the opportunity to be a part of a road crew. Plaintiff asserts that such denial was due to his status as a sex offender. Plaintiff asserts that other inmates, including murderers and other serious offenders are permitted to work outside the gates. Therefore, Plaintiff asserts that he is being discriminated against because he is a sex offender. In fact, Plaintiff asserts that his case manager, Bob Parker, specifically told Plaintiff that he would not allow Plaintiff to work outside the gates because of his sex offender status. In addition, the Associate Warden of Programs told Plaintiff that if he did not stop complaining about this issue there would be serious repercussions.

**B. Motion for Writ of Mandamus**

In this motion, Petitioner seeks a court order directing the West Virginia Division of Corrections ("DOC") to transport him to a DOC facility. Plaintiff asserts that he is being illegally housed in the North Central Regional Jail pursuant to a parole revocation. Plaintiff asserts that his incarceration in a regional jail deprives him of adequate access to a law and reading library, yard privileges and any and all other privileges that a DOC inmate enjoys, including educational and vocational programs. Thus, Plaintiff seeks his immediate transfer to a DOC facility, reinstatement of his parole due to prison overcrowding and/or his immediate release from incarceration due to overcrowding.

**C. Motion for Removal of Hold on Wife's Contact Visits**

In this motion, Plaintiff asserts that Jason McGraw, an employee of the DOC, has placed a hold on visits from Plaintiff's wife. In doing so, Mr. McGraw has stated orally to Plaintiff that the hold is due to his status as a sex offender and the fact that his wife is only 18 years old. Although, on paper, Mr. McGraw has stated that the hold is due to an ongoing investigation. Plaintiff asserts,

2

however, that he is not aware of, nor has he been informed of, any such investigation. Therefore, Plaintiff asserts that the hold is another example of the discrimination he suffers because of his status as a sex offender and requests that the Court remove the hold.

### D. Motion Requesting Copy of File

In this motion, Plaintiff asserts that he has written to the defendants concerning the discrimination alleged in the complaint. Plaintiff seeks copies of those letters. In addition, Plaintiff also seeks copies of his classification, his request to participate in therapeutic rehabilitation, a copy of an unspecified write-up he received, and a copy of the dismissal of said write-up. Plaintiff asserts that he needs a complete copy of these documents to support the facts alleged in this case.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely

---

[1] Id. at 327.

on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

#### A. The Complaint

1. St. Mary's and the State of West Virginia

"Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, St. Mary's Correctional center and the State of West Virginia are not proper parties to this suit and should be dismissed.

2. Joe Manchin and Jim Rubenstein

In the complaint, Plaintiff names Joe Manchin and Jim Rubenstein as defendants in this action. However, Plaintiff does not assert that either of these defendants was personally involved in a violation of his constitutional rights. Instead, it appears as if Plaintiff names these defendants only their capacities as the Governor of the State of West Virginia and as the Commissioner of the West Virginia DOC, respectively.

There is no *respondeat superior* liability under § 1983. See Monell v. Department of Social

Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[2]

Because Plaintiff fails to allege any personal involvement on the part of Governor Manchin or Commissioner Rubenstein, and fails to make any allegations which reveal the presence of the required elements for supervisory liability, Plaintiff fails to state a claim against those defendants.

**B. Motion for Writ of Mandamus**

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

---

[2] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this case, Plaintiff's right to the relief sought is not clear and indisputable. In fact, Supreme Court case law establishes exactly the opposite. See Meachum v. Fano, 427 U.S. 215 (1976) (an inmate has no right to be housed in any particular facility). Accordingly, Plaintiff's Motion for Writ of Mandamus should be denied.

**C. Plaintiff's Motion for Removal of Hold on Wife's Contact Visits**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[3] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

---

[3] Porter v. Nussle, 534 U.S. 516, 524 (2002).

The West Virginia DOC has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor or appropriate Staff Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

In this case, Plaintiff has filed a grievance to the Warden. Plaintiff received a response denying his grievance on December 27, 2006. However, Plaintiff has failed to show that he filed a grievance to the Commissioner. In addition, Plaintiff initiated the grievance procedure as to this claim, after the complaint was filed. Accordingly, this motion should be dismissed without prejudice for the failure to exhaust.

### D. **Plaintiff's Request for Files**

Because the undersigned has recommended the dismissal of this case and Plaintiff's other pending motions, Plaintiff's request for documents to support his claims is moot.

### IV. **Recommendation**

For the reasons set forth in this Opinion, the undersigned recommends the following:

- Plaintiffs' claims against the St. Mary's Correctional Center and the State of West Virginia be DISMISSED with prejudice.
- Plaintiffs' claims against Governor Manchin and Commissioner Rubenstein be DISMISSED without prejudice.
- Plaintiff's Motion for Writ of Mandamus (dckt. 2) be DENIED with prejudice.
- Plaintiff's Motion for Removal of Hold on Wife's Contact Visits (dckt. 12) be

7

> DENIED without prejudice for the failure to exhaust.

- Plaintiff's Request for Copy of Institutional/DOC File (dckt. 13) be DENIED as moot.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and any counsel of record.

DATED: January 12, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE