# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TIMOTHY ADAMS,**

       Petitioner,

v.                                     **CIVIL ACTION NO. 3:06-CV-134**
                                                  (BAILEY)

**STATE OF WEST VIRGINIA,**
**JOE MANCHIN, III, ST. MARY'S**
**CORRECTIONAL CENTER AND**
**JIM RUBENSTEIN,**

       Respondent.

## JUDGMENT ORDER

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Kaull filed his R & R on January 16, 2007 [Doc. 15]. In that filing, the magistrate judge recommended that this Court deny Petitioner's Motion for Removal of Hold on Wife's Contact Visits and Motion Requesting Copy of Institutional/DOC file [Docs. 12 & 13].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions

of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error.

### III. Analysis

#### A. The Complaint

##### 1. St. Mary's and the State of West Virginia

"Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." **Brooks v. Pembroke City Jail**, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); *see also* **Will v. Michigan Dept. Of State Police**, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); **Preval v. Reno**, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); **Roach v. Burch**, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, St. Mary's Correctional center and the State of West Virginia are not proper parties to this suit and are, therefore, dismissed.

##### 2. Joe Manchin and Jim Rubenstein

In the complaint, Plaintiff names Joe Manchin and Jim Rubenstein as defendants in this action. However, Plaintiff does not assert that either of these defendants was personally involved in a violation of his constitutional rights. Instead, it appears as if Plaintiff names these defendants only their capacities as the Governor of the State of West Virginia and as the Commissioner of the West Virginia DOC, respectively.

There is no *respondeat superior* liability under § 1983. *See* **Monell v. Department of Social Services**, 436 U.S. 658 (1978); **Vinnedge v. Gibbs**, 550 F.2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." **Vinnedge**, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. **Fisher v. Washington Metropolitan Area Transit Authority**, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." **Shaw v. Stroud**, 13 F.3d 791, 799 (4th Cir.), *cert. denied,* 513 U.S. 813 (1994).

Because Plaintiff fails to allege any personal involvement on the part of Governor Manchin or Commissioner Rubenstein, and fails to make any allegations which reveal the presence of the required elements for supervisory liability, Plaintiff fails to state a claim against those defendants.

### B. Motion for Writ of Mandamus

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's

authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." **Kerr v. United States Dist. Court**, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." **In re Beard**, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this case, Plaintiff's right to the relief sought is not clear and indisputable. In fact, Supreme Court case law establishes exactly the opposite. *See* **Meachum v. Fano**, 427 U.S. 215 (1976) (an inmate has no right to be housed in any particular facility). Accordingly, Plaintiff's Motion for Writ of Mandamus is denied.

### C. Plaintiff's Motion for Removal of Hold on Wife's Contact Visits

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. **Booth v. Churner**, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. **Booth**, at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. *See* **Porter**, 534 U.S. at 524 (citing **Booth**, 532 U.S. at 741) (emphasis added).

The West Virginia DOC has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first

level involves filing a G-1 Grievance Form with the Unit Supervisor or appropriate Staff Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

In this case, Plaintiff has filed a grievance to the Warden. Plaintiff received a response denying his grievance on December 27, 2006. However, Plaintiff has failed to show that he filed a grievance to the Commissioner. In addition, Plaintiff initiated the grievance procedure as to this claim, after the complaint was filed. Accordingly, this motion is dismissed without prejudice for the failure to exhaust.

### D. Plaintiff's Request for Files

Because this Court Orders this case and Plaintiff's other pending motions to be dismissed, Plaintiff's request for documents to support his claims is moot.

It is, thus, the opinion of the Court that the **Magistrate Judge's Report and Recommendation** [Doc. 15] should be, and is, hereby **ORDERED ADOPTED**. Accordingly, for the reasons set forth in this Opinion, the Court **ORDERS** the following:

1. Plaintiff's claims against the St. Mary's Correctional Center and the State of West Virginia be **DISMISSED** with prejudice.

2. Plaintiff's claims against Governor Manchin and Commissioner Rubenstein be **DISMISSED** without prejudice.

3. Plaintiff's Motion for Writ of Mandamus [Doc. 2] be **DENIED** with prejudice.

4.  Plaintiff's Motion for Removal of Hold on Wife's Contact Visits [Doc. 12] be **DENIED** without prejudice for the failure to exhaust.

5.  Plaintiff's Request for Copy of Institutional/DOC File [Doc. 13] be **DENIED** as moot.

6.  The **Clerk is Directed to remove** this case from the docket.

Further, the Clerk is directed to mail a certified copy of this Judgment Order to all counsel of record, the plaintiff, *pro se*, and Magistrate Judge Kaull.

**DATED:** May 21, 2007

    /s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE